Dear Ms. Kern:
Your request for an Attorney General's Opinion on behalf of the St. Tammany Parish Sheriff has been assigned to me for research and reply. You have asked for an opinion as to whether the Sheriff, as tax collector, may or must collect delinquent special assessments levied by the governing boards of community development districts and delinquent parcel fees levied by St. Tammany subdrainage districts through the sale of property at the annual parish tax sale.
First, we address the issue of whether the special assessments levied by the governing boards of community development districts may or must be collected by the tax collector through the sale of property at the annual parish tax sale. These special assessments are authorized in La.R.S. 33:9039.29, which provides, in pertinent part, the following:
 A. Benefit special assessments. The board shall annually determine, order, and levy the annual installment of the total benefit special assessments for bonds issued and related expenses to finance district facilities and projects which are levied under this Chapter. These assessments may be due and collected during each year that parish taxes are due and collected, in which case such annual installment and levy shall be evidenced to and certified to the assessor by the board not later than August thirty-first of each year, and such assessment shall be entered by the assessor on the parish tax rolls, and shall be collected and enforced by the tax collector in the same manner and at the same time as parish taxes, and the proceeds thereof shall be paid to the district. These benefit special assessments shall be a lien on the property against which assessed until paid and shall be enforceable in like manner as parish taxes. The amount of the assessment for the exercise of the district's powers under R.S. 33:9039.19
and 9039.20 shall be determined by the board based upon a report of the district's engineer and assessed by the board upon such lands, which may be part or all of the lands within the district benefited by the improvement, apportioned between benefited lands in proportion to the benefits received by each tract of land. The *Page 2 
district, in its discretion, may use the method prescribed in R.S. 33:3689.7 for collecting and enforcing benefit special assessments. [Emphasis added].
 B. Maintenance special assessments. To maintain and preserve the facilities and projects of the district, the board shall levy a maintenance special assessment. This assessment may be evidenced to and certified to the assessor by the board of supervisors not later than August thirty-first of each year and shall be entered by the assessor on the parish tax rolls and shall be collected and enforced by the tax collector in the same manner and at the same time as parish taxes, and the proceeds therefrom shall be paid to the district. These maintenance special assessments shall be a lien on the property against which assessed until paid and shall be enforceable in like manner as parish taxes. The amount of the maintenance special assessment for the exercise of the district's powers under R.S. 33:9039.19 and 9039.20 shall be determined by the board based upon a report of the district's engineer and assessed by the board upon such lands, which may be all of the lands within the district benefited by the maintenance thereof, apportioned between the benefited lands in proportion to the benefits received by each tract of land. The district, in its discretion, may use the method prescribed in R.S. 33:3689.7 for collecting and enforcing maintenance assessments. [Emphasis added].
 C. Assessments constitute liens; collection. Benefit special assessments and maintenance special assessments authorized by this Section shall be levied and payable in annual installments for each year for which bonds secured by the assessment are outstanding. The tax collector shall collect and enforce assessments in the same manner and at the same time as ad valorem taxes. Benefit special assessments and maintenance special assessments shall constitute a lien on the property against which assessed until paid and shall be on a parity with the lien of state, parish, municipal, and school board taxes. [Emphasis added].
As you can see, La.R.S. 33:9039.29(C) reiterates and clarifies the requirements of La.R.S. 33:9039.29(A) and (B) by mandating that the tax collector collect and enforce both benefit and maintenance special assessments levied by community development districts in the same manner and at the same time as parish ad valorem taxes.
La.Const. Art. 7 governs property taxes, including parish ad valorem taxes. La.Const. Art. 7, § 25(A) sets forth the requirement for tax sales and provides the following:
 (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall
advertise for sale the property on which the *Page 3 
taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made. [Emphasis added].
Significantly, that section indicates that the sheriff "shall advertise for sale the property on which the taxes are due." The statutory interpretation of "shall" is set forth in La.R.S. 1:3, which provides that:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
As we explained in Atty. Gen. Op. No. 03-0401, the word "shall" as used in statutes, contracts, or the like, is generally imperative or mandatory. In common or ordinary parlance, the term "shall" is a word of command, and one that must be given a compulsory meaning. It has the significance of excluding the idea of discretion and operates to impose a duty which must be enforced, particularly when used in cases involving public policy or the public interest.
Thus, La.Const. Art. 7, § 25(A) mandates that the tax collector collect property taxes, including parish ad valorem taxes, through the sale of property at the annual parish tax sale. Since, under La.R.S.33:9039.29(C), benefit and maintenance special assessments levied by community development districts must be must be collected and enforced in the same manner as parish ad valorem taxes, it is the opinion of this office that these assessments, if delinquent, must be collected through the sale of property at the annual parish tax sale.
We next turn to the issue of whether parcel fees levied by St. Tammany subdrainage districts may or must be collected by the tax collector through the sale of property at the annual parish tax sale. In ACORN v.City of New Orleans, 377 So.2d 1206 (La. 1979), the Louisiana Supreme Court classified a parcel fee as a "specific tax" as opposed to an ad valorem tax. Significantly, the court recognized that not only was the parcel fee a tax, rather than a fee, but also specifically held that the parcel fee involved was a property tax. *Page 4 
Since the parcel fees are considered property taxes under ACORN v.City of New Orleans, it is the opinion of this office that they must be collected by the tax collector through the sale of property at the annual parish tax sale pursuant to La.Const. Art. 7, § 25(A). In accord are La. Atty. Gen. Op. Nos. 99-194 and 94-92.
The parcel fees in question are levied and collected pursuant to La.R.S. 38:1807(11), which provides, in pertinent part, that:
 If any parcel fee is not paid when due, such district shall proceed against the parcel for the collection of the amount of the fee delinquent and delinquent, any collection costs incurred by such district plus interest at a rate not exceeding twelve percent on the delinquent amount of the parcel fee, and in the event legal proceedings are necessary to effect collection, court costs, and reasonable attorney's fees.
Nevertheless, given the court's holding in ACORN that such parcel fees are considered property taxes, the collection procedures set out in La.R.S. 38:1807(11) do not provide the only method of collecting St. Tammany subdrainage districts' delinquent parcel fees. Under ACORN and La.Const. art. VII, § 25(A), we believe the parcel fees must be collected and enforced by the tax collector in the same manner and at the same time as parish ad valorem taxes.
In summary, it is the opinion of this office that the tax collector must collect both delinquent special assessments levied by the governing boards of community development districts and delinquent parcel fees levied by St. Tammany subdrainage districts through the sale of property at the annual parish tax sale.
Finally, we note that, while both La.R.S. 33:9039.29 and La.R.S.38:1807(11) provide for methods of collecting delinquent special assessments and parcel fees other than through the sale of property at the annual parish tax sale, it does not seem necessary for the districts to collect using those methods, given our conclusion, based on ACORN v.City of New Orleans, that they must be collected through the sale of property at the annual parish tax sale.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II